UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALISSA GERRAN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:24-CV-00843-SPM |
| CITY OF FERGUSON, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand. ECF No. 71. Defendants have notified the Court that they do not oppose remand. ECF No. 77. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). ECF No. 17.

The Court agrees with the parties that this case should be remanded to state court. In *Royal Canin U.S.A., Inc. v. Wullschleger*, the Supreme Court recently held that when a plaintiff amends a complaint after removal to eliminate the federal claims that enabled removal, the court loses supplemental jurisdiction over the remaining state law claims and must remand the case to the state court. 604 U.S. 22, 30, 39 (2025). Here, although Plaintiffs have not amended their complaint to eliminate their federal claims, they have voluntarily dismissed their federal claims, which has the same effect. At least one district court within the Eighth Circuit has found that because a voluntary dismissal of federal claims has the same effect as an amendment of the complaint to eliminate federal claims, *Royal Canin* mandates remand following voluntary dismissal of federal claims. *See In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar.

1

5, 2025) (finding *Royal Canin* mandated remand following post-removal voluntary dismissal of federal claims pursuant to Fed. R. Civ. P. 41(a)(2) despite the absence of a post-removal amendment of the complaint; stating, "[t]he Court sees no difference between the two procedural mechanisms, as both land in the same place"; finding in the alternative that even if *Royal Canin* did not mandate remand, the Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)). *But see Kahlon v. Cnty. of Nassau,* No. 24-CV-2439 (BMC), 2025 WL 473980, at *3 (E.D.N.Y. Feb. 12, 2025) (distinguishing *Royal Canin* and finding the court had supplemental jurisdiction over state law claims remaining after voluntary dismissal of federal claims, but declining to exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(c)(3)).

The Court agrees with the court in *In re Dividend Solar Finance* that because there is no substantive difference between Plaintiffs' post-removal voluntary dismissal of their federal claims and the post-removal amendment to eliminate federal claims addressed in *Royal Canin*, *Royal Canin* mandates remand here. In the alternative, if *Royal Canin* does not mandate remand, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) for the reasons indicated in its prior order. *See* ECF No. 76, at pp. 6-7.

Because the Court finds remand is appropriate, the Court concludes that Plaintiffs' Motion for Leave to File Fourth Amended Complaint (ECF No. 72) and Plaintiff Javon Buckner's Motion to Amend the Scheduling Order (ECF No. 48) should be addressed by the state court following remand. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 71) is **GRANTED**. An Order of Remand shall be entered separately.

2

                                                                                    /s/ Shirley Padmore Mensah
                                                                                    SHIRLEY PADMORE MENSAH
                                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this **21st** day of **May, 2025**.